United States District Court
Southern District of Texas
**ENTERED**
June 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT DAVIS, §
§
    Petitioner/Defendant, §
§
v. § CIVIL ACTION NO. H-16-1043
§ (Criminal No. H-01-140-01)
UNITED STATES OF AMERICA, §
§
    Respondent/Plaintiff. §

## MEMORANDUM OPINION AND ORDER

Defendant, Robert Davis, has filed a Petitioner's Motion for Sentence Reduction and/or Modification of Sentence Pursuant to Title 28 U.S.C. § 2255(h) Motion to Vacate, Set Aside, or Correct a Sentence and a Savings Clause of § 2255(f)(3) Based in Part on a New and Intervening Change of Law Johnson v. United States, 135 S. Ct. 2551 (June 26, 2015) ("§ 2255 Motion") (Docket Entry No. 130).[1] The United States has filed a Response to Successive 2255 Motion and Motion for Summary Judgment (Docket Entry No. 135), to which Davis has filed Defense Objection to the Government's Motion for Summary Judgment (Docket Entry No. 136).

On March 21, 2001, Davis pleaded guilty to aiding and abetting the possession with intent to distribute 50 grams or more of a mixture containing a detectable amount of methamphetamine in

---

[1]All docket entry references are to Criminal No. H-01-140.

violation of 21 U.S.C. § 841(a), (b)(1)(B)(viii), and 18 U.S.C. § 2 pursuant to a written Plea Agreement (Docket Entry No. 12). On July 12, 2001, the court sentenced Davis to 188 months in prison (Judgment in a Criminal Case, Docket Entry No. 33). On May 20, 2002, Davis filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (Docket Entry No. 53). On August 16, 2002, the court entered an Order denying the § 2255 Motion (Docket Entry No. 65). Davis appealed the court's Order, and on April 16, 2003, the United States Court of Appeals for the Fifth Circuit denied him a certificate of appealability (Order of United States Court of Appeals for the Fifth Circuit, Docket Entry No. 77). On June 18, 2008, Davis filed a Motion to Vacate (Docket Entry No. 91). The court concluded that the motion was a successive § 2255 motion and dismissed it because Davis had not obtained permission from the Court of Appeals to file it. (Order of August 28, 2008, Docket Entry No. 99) Davis appealed the court's order and on October 9, 2009, the Fifth Circuit dismissed his appeal for lack of jurisdiction. (Per Curiam Opinion of United States Court of Appeals for the Fifth Circuit, Docket Entry No. 117; Judgment of United States Court of Appeals for the Fifth Circuit, Docket Entry No. 118)

In his pending § 2255 Motion Davis argues that he is entitled to relief because of the retroactive effect of Johnson v.

United States, 135 S. Ct. 2551 (2015). In Johnson the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentence enhancement for a felon's possession of a firearm was unconstitutionally vague. In Welch v. United States, 136 S. Ct. 1257 (2016), the Court held that its decision in Johnson announced a substantive rule that applied retroactively on collateral review. Although Davis's sentence was enhanced under § 4B1.1 of the Sentencing Guidelines, his enhancement was based on his prior convictions for serious drug offenses, not on any violent felony conviction. He is therefore not entitled to any relief based on Johnson.

28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

This provision and 28 U.S.C. § 2244(b)(3)(A) act as a jurisdictional bar to a district court's consideration of a successive habeas petition until the court of appeals has authorized the district court to consider it. For the reasons explained above, § 2255(h)(2) does not apply. Because Davis's

§ 2255 Motion is successive and he has not obtained authorization from the United States Court of Appeals for this court to consider it, the court will dismiss the motion as successive.

Accordingly, the United States' Motion for Summary Judgment (Docket Entry No. 135) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 20th day of June, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE