IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-01-0140-01 |
| | § | |
| ROBERT DAVIS | § | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Robert Davis, has filed Petitioner's Motion for Addendum to Previously Filed § 2255, seeking relief from his federal sentence ("Petitioner's Motion") (Docket Entry No. 141). The government has responded with United States' Motion to Dismiss Davis' "Motion for Addendum to Previously Filed § 2255" ("Government's Motion") (Docket Entry No. 145), to which Davis has filed Petitioner's Response to the United States' Motion to Dismiss Petitioner's Addendum to § 2255 Motion ("Petitioner's Response") (Docket Entry No. 151). The court has carefully reviewed all submissions and pertinent matters in this criminal case. Based on this review, the court's clear recollection of the relevant proceedings, and the application of governing legal authorities, Petitioner's Motion will be denied and the Government's Motion will be granted for the reasons explained below.

**I. Background**

On March 21, 2001, Davis entered a guilty plea to count one of an indictment charging him with aiding and abetting unlawful

possession with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine.¹ The Presentence Report ("PSR") prepared by the Probation Office determined that Davis was subject to an enhanced sentence under the career-offender guideline, U.S.S.G. § 4B1.1, because he had at least two prior felony controlled substance convictions.² In a judgment entered on July 13, 2001, the court sentenced Davis to serve 188 months' imprisonment, followed by a five-year term of supervised release.³ Davis did not appeal.

On May 20, 2002, Davis filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Defendant's First 2255 Motion").⁴ He argued that his trial counsel was ineffective for failing to object to the calculation of his sentence.⁵ The court denied Defendant's First 2255 Motion, finding that he waived collateral review under the terms of his Plea Agreement with the government.⁶ Alternatively,

---

¹See Plea Agreement, Docket Entry No. 12, pp. 1-12; Indictment, Docket Entry No. 1, pp. 1-2. For purposes of identification all page citations refer to the page number imprinted by the court's electronic filing system, CM/ECF.

²PSR, Docket Entry No. 25, p. 8, ¶ 32.

³Judgment in a Criminal Case, Docket Entry No. 33, pp. 1-3.

⁴Docket Entry No. 53, pp. 1-37.

⁵Id. at 11.

⁶Order, Docket Entry No. 65, pp. 1-4.

the court found that Davis was properly sentenced and failed to show that he was denied effective assistance of counsel.[7] On April 21, 2003, the Fifth Circuit denied Davis a certificate of appealability from that decision.[8]

On April 19, 2016, Davis filed Petitioner's Motion for Sentence Reduction and/or Modification of Sentence Pursuant to Title 28 U.S.C. § 2255(h) Motion to Vacate, Set Aside, or Correct a Sentence ad the Savings Clause of § 2255(f)(3) Based in Part on a New and Intervening Change of Law Johnson v. United States, 135 S Ct. 2251 (June 26, 2015) ("Petitioner's Second 2255 Motion").[9] The court denied relief, finding that Petitioner was not entitled to benefit from the decision in Johnson and dismissing Petitioner's Second 2255 Motion as successive.[10] Davis' appeal from that decision was dismissed as untimely.[11]

Davis has now filed Petitioner's Motion, which seeks to supplement his previously filed application under § 2255 by adding new claims under two recent decisions that "may affect" the calculation of his sentence: United States v. Hinkle, 832 F.3d 569

---

[7]Id. at 4-6.

[8]Order in Appeal No. 02-21132, Docket Entry No. 77, pp. 1-3.

[9]Docket Entry No. 130, pp. 1-5.

[10]Memorandum Opinion and Order, Docket Entry No. 137, pp. 1-4.

[11]Opinion in Appeal No. 17-20677, Docket Entry No. 152, pp. 1-2.

(5th Cir. 2016); and Mathis v. United States, 136 S. Ct. 2243 (2016).[12] Noting that Davis collaterally attacks the sentence by advancing new substantive claims for relief, the government moves to dismiss Petitioner's Motion as an unauthorized successive application under 28 U.S.C. § 2255.[13] The government argues in the alternative that Davis is not entitled to relief under either of the cases listed in Petitioner's Motion.[14] Davis, who insists that Petitioner's Motion is governed by Rule 60(b) of the Federal Rules of Civil Procedure, maintains that he is entitled to relief from his sentence under Hinkle and Mathis.[15]

## II. Discussion

### A. Petitioner's Motion is a Successive Application Under § 2255

Under Rule 60(b) of the Federal Rules of Civil Procedure a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[12]Petitioner's Motion, Docket Entry No. 141, p. 1. Mindful of the defendant's pro se status, the court has liberally construed her § 2255 Motion and related filings. See Estelle v. Gamble, 97 S. Ct. 285, 292 (1976) ("[A] pro se document is to be liberally construed."); Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam) (stating that pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers").

[13]Government's Motion, Docket Entry No. 145, pp. 4-7.

[14]Id. at 7-8.

[15]Petitioner's Response, Docket Entry No. 151, pp. 2-8.

-4-

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged . . .; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b) (2018). A Rule 60(b) motion that seeks to advance substantive claims for relief, rather than challenging some defect in the federal habeas corpus proceeding, is considered a successive collateral attack subject to 28 U.S.C. § 2244(b). See Gonzalez v. Crosby, 125 S. Ct. 2641, 2647-48 (2005). Under § 2244(b), this court can entertain a second or successive habeas petition or motion under § 2255 only after a panel of the United States Court of Appeals for the Fifth Circuit authorizes the filing of the successive motion. See 28 U.S.C. § 2244(b)(3); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).

Petitioner's Motion does not take issue with a defect in his previous § 2255 proceeding. Instead, he plainly raises new substantive claims for relief under Mathis and Hinkle. Because Davis does not attack the court's resolution of his previous § 2255 Motion, Petitioner's Motion must be dismissed for lack of jurisdiction as an unauthorized successive collateral attack on his sentence. See Gonzalez, 125 S. Ct. at 2647-48; see also United States v. Hernandes, 708 F.3d 680, 681-82 (5th Cir. 2013).

-5-

## B. Petitioner's Proposed Claims Lacks Merit

Davis seeks relief from his sentence under two recent court decisions that issued well after his conviction became final.[16] In Mathis v. United States, 136 S. Ct. 2243, 2251-57 (2016), the Supreme Court held that an Iowa conviction for burglary did not qualify as a prior "violent felony" for purposes of the 15-year enhancement found in the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), because the state statute for the crime of conviction contained an element broader than an element of the enumerated predicate offense of generic burglary. Following Mathis, the Fifth Circuit held in United States v. Hinkle, 832 F.3d 569, 574-77 (5th Cir. 2016) that a Texas conviction for delivery of heroin in violation of the Texas Health & Safety Code does not qualify as a prior controlled substance offense for purposes of the career offender enhancement found in U.S.S.G. § 4B1.1.

By invoking the Supreme Court's decision in Mathis and the Fifth Circuit's subsequent decision in Hinkle, Davis appears to claim that he is entitled to relief because the sentence that he received in 2001 was enhanced with prior drug-trafficking convictions under the Texas Health & Safety Code that no longer meet the definition of a controlled substance offense for purposes of the career-offender guideline in U.S.S.G. § 4B1.1. This

---

[16]Petitioner's Motion, Docket Entry No. 141, pp. 1-2.

argument fails because Mathis is not retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016); see also Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016) (explaining that Mathis, which was a case of statutory interpretation, did not announce a new constitutional rule and was not retroactive to cases on collateral review). Because Mathis is not retroactive to cases on collateral review, the holding in Hinkle, which applied Mathis on direct appeal, is also not applicable. See United States v. Ramirez, Civ. No. H-16-2855, 2017 WL 2819906, at *6 (S.D. Tex. June 28, 2017) (citation omitted); see also United States v. Bermea, Civ. No. 2:16-158, 2017 WL 821787, at * 2 (S.D. Tex. March 2, 2017) (noting that neither Mathis nor Hinkle set forth new rules of constitutional law made retroactive to cases on collateral review). As such, Petitioner's Motion based on these cases lacks merit and will be denied.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the

or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because Davis does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will be denied.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The United States' Motion to Dismiss Davis' "Motion for Addendum to Previously Filed § 2255" (Docket Entry No. 145) is **GRANTED**.

2. Petitioner's Motion for Addendum to Previously filed [Motion Under 28 U.S.C.] § 2255 (Docket Entry No. 141) is **DENIED**.

3. A certificate of appealability is **DENIED**.

**The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.**

**SIGNED** at Houston, Texas, on this the 7th day of May, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE